UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRENE V. SMITH,<br><br>                    Plaintiff,<br><br>          v.<br><br>VANCOUVER MALL II, LLC (a Delaware limited liability company),<br><br>                    Defendant. | CASE NO. C12-5390KLS<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

The Defendant, Vancouver Mall II, LLC filed a Motion for Summary Judgment (ECF No. 34) requesting dismissal of the Plaintiff's claims.  Ms. Smith filed a Response to the motion (ECF No. 37) and the Defendant filed its Reply (ECF NO. 39).

While oral argument has been requested by the Defendant, upon review of the documents filed in support of and in opposition to the motion, the undersigned has determined that the matter does not require oral argument and that the Defendant's motion should be GRANTED.

**I.     UNDISPUTED FACTS**

The facts, as set forth by the Defendant in its motion, are undisputed and are as follows:

1       On May 4, 2010 the Plaintiff, then 75 years of age, entered the Vancouver Westfield Mall
2  to get her hair cut at one of the shops in the mall, something she done monthly for the prior three
3  years. Ms. Smith had shopped at the mall off and on for approximately 24 years prior to this
4  incident. During that time she was never aware of any criminal activity or unruly behavior by
5  other patrons of the mall.

6       On May 4, 2010 at approximately 2:15 p.m., shortly after entering the mall, Ms. Smith
7  heard a commotion and saw three men running toward her. She did not observe anyone chasing
8  the three men. She hid behind a column and observed one of the men drop some of the items he
9  was carrying. The man she observed drop the items then, according to Ms. Smith, intentionally
10 hit her on her head with his open hand. She described the incident as "[a] blunt force trauma, as
11 hard as you can possibly hit a person." She was injured as a result of the attack.

12      Immediately prior to the incident involving Ms. Smith, three or four unidentified young
13 men stole merchandise from the Footlocker and ran out. An employee of one of the kiosks in the
14 Mall may have chased after the men but they were not chased by any one from the Footlocker
15 store or by mall security. According to Nicholas Smith, who was the manager of the Footlocker
16 and had worked there for six years, this was the only "grab and run" incident he was aware of –
17 either at the Footlocker or with other businesses in the mall. ECF No. 34-2.

18      Hillery Chamberlain, a receptionist at the Westfield offices in the mall could recall "no
19 instance of a fleeing shoplifter assaulting or otherwise injuring another customer" during the
20 seven years she had been employed at the mall. During that time she worked for six years as a
21 security officer and then most recently as a receptionist. ECF No. 34-3.

22      Lance Sanchez, who is head of security for PSC, the security company at the Vancouver
23 Westfield Mall, has held that position for six years and worked as a security officer at the mall
24 for three years prior to that. On the date this incident occurred, he had six security personnel

1  working at the mall.  One security person was in the north parking lot, one in the south parking

2  lot, one security officer in the east interior, one in the west interior and one as a rover.  Mr.

3  Sanchez would also working at the time this incident occurred and he testified that he "would

4  also spend time walking the mall." ECF No. 34-4.

5        Mr. Sanchez is unaware of any other incident where a fleeing shoplifter assaulted or

6  injured another customer during the nine years that he has worked at the mall.  As head of

7  security, he is familiar with this incident and is of the opinion that no other measures could have

8  been taken that would have prevented this incident from occurring.  ECF No. 34-4.

9        Ms. Smith attached a number of Incident Reports to her Response.  ECF No. 37.  One

10  report is from the date of September 8, 2007 (ECF No. 37, p. 20) which describes an incident in

11  which a patron of the mall was "heading up the escalator when one of the individuals bumped

12  into him with force."  He was not injured.  This one incident is the only one provided by the

13  Plaintiff which even comes close, factually, to the incident involving the Plaintiff.

14        Ms. Smith also provided a copy of the Incident Report which summarized the events that

15  happened to her on May 4, 2010.  In that report, the following sequence of events is attributed to

16  the Plaintiff:

17-20
> According to Ms. Smith, she had witnessed the suspects running with what she assumed was stolen merchandise and began screaming in an attempt to get the attention of other mall patrons.  She stated that she hoped it would help others know where they were going, stating she worked for a security company.  While screaming, Ms. Smith claimed that one of the men had stumbled and shoved her into the pillar.  She called 911 immediately after the incident.

21  ECF No. 37, p. 55.

22        Ms. Smith did advise that she was experiencing back and neck pain as well as a headache

23  following the incident.

24

Order Granting Motion
For Summary Judgment                           3

## II. PLAINTIFF'S CLAIMS

Ms. Smith asserted four claims for relief in her Complaint. ECF No. 1 and 21.

The First Claim for Relief is based on negligence. Ms. Smith alleges that the Defendant failed to employ adequate security and failed to adequately supervise common areas of the mall so as to keep them free of foreseeable criminal activity.

Her Second Claim for Relief is also a negligence claim based on Washington common law regarding premises liability which required the Defendant to keep the premises in a reasonably safe condition for the Plaintiff, an invitee to the mall.

The Third Claim for Relief alleges strict liability for an abnormally dangerous activity.

The Fourth Claim for Relief is for punitive and exemplary damages.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers,* 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 257 (1986). Mere disagreement, or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *See Anderson, supra,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In

ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.,* 41 F.3d 547, 549 (9th Cir. 1994). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors,* 60 F.3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Id.* at 34; *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F.2d 665, 667 (9th Cir. 1980).

**IV.   CLAIMS THREE AND FOUR**

There is no legal basis to support the assertion that the operation of a mall is an abnormally dangerous activity. The Defendant's motion to dismiss this claim is GRANTED.

Additionally, there is no legal basis for an award of punitive or exemplary damages. The Defendant's motion to dismiss this claim is GRANTED.

**V.   NEGLIGENCE CLAIMS – CLAIM ONE and TWO**

In order to make a prima facie case of negligence, Ms. Smith must prove "duty, breach, causation and damages." *Nivens v. 7-11 Hoagy's Corner*, 133 Wn.2d 192, 198, 943 P.2d 286 (1997). The Defendant asserts that the Plaintiff lacks evidence to support the first three elements. For purposes of their motion, they do not raise an issue regarding general or special damages.

The Defendant is not an insurer of the safety of its invitees and it "does not have a separate duty to retain security personnel for the business premises to prevent criminal activity." *Id.* at p. 194. It does have, however, "a duty to take reasonable steps to protect invitees from imminent criminal harm or reasonably foreseeable criminal conduct by third persons." *Id.* at p. 194. As noted in *Nivens,* "[n]o duty arises unless the harm to the invitee by third persons is foreseeable." *Id.* at p. 293.

Generally, the issue of foreseeability is a question of fact for the jury. The Washington cases which analyze foreseeability have focused on the history of violence known to the defendant. If there is "no history of such crimes occurring on the premises, the courts have held the criminal conduct unforeseeable as a matter of law." *Wilbert v. Metropolitan Park District of Tacoma,* 90 Wash. App. 304, 309, 950 P. 2d 522 (1998). "On the other hand, where there is a history of similar violence on the premises or the defendant knew of the dangerous propensities of the individual responsible, foreeseability has been established, at least sufficient to create a jury question." *Id. at p. 309*, *citing Johnson v. State,* 77 Wash. Ap. 934, 943, 894 P.2d 1366, *review denied,* 127 Wash. 2d 1020, 904 P.2d 299 (1995).

Ms. Smith has offered no evidence that the Defendant knew of the violent propensities of the unknown male who assaulted her. In addition, she has offered no evidence of similarly violent episodes at the mall in the past. In fact, the undisputed evidence presented by the Defendant is that such similar incidents have not occurred. The undersigned concludes that the incident involving Ms. Smith was not foreseeable as a matter of law. Inasmuch as the criminal conduct was not foreseeable, the Defendant did not owe a duty to the Plaintiff.

In addition, if the Defendant did owe a duty to the Plaintiff, the defendant is under no "legal duty" to provide security guards at the mall. However, the provision of such security may "be one of the many possible ways a business may discharge its general duty to protect invitees from third persons' reasonably foreseeable criminal conduct." *Nivens, supra,* at p. 208. Six security personnel and the head of security were working at the mall at the time this incident occurred. The Plaintiff has not disputed the fact Mr. Sanchez expert opinion that "no other measures could have been taken that would have prevented this incident from occurring." ECF No. 34-4, opinion of Lance Sanchez. Consequently, even if the Defendant owed a duty to the Plaintiff, there is no evidence before the Court that there was a breach of such duty.

The Defendant is entitled to have these two claims dismissed.

**ORDER**

For the reasons set forth above, the Defendant's Motion for Summary Judgment (ECF No. 34) to dismiss all of the Plaintiff's claims is hereby GRANTED and this case is DISMISSED as there are no claims remaining for adjudication.

DATED this 19th day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

Order Granting Motion
For Summary Judgment 7